```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

THOMAS CARL COLLINS,

    Petitioner,

v.                                    Case No. 3:10-cv-411-J-34JBT

SECRETARY, FLORIDA DEPARTMENT
  OF CORRECTIONS, et al.,

    Respondents.

_____/

## **ORDER**

### **I. Status**

Petitioner, Thomas Carl Collins, initiated this action by filing a petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1; Petition). Respondents filed a motion to dismiss the Petition arguing both that it was untimely, and that it contained an unexhausted claim (Doc. No. 24). The Court denied the motion without prejudice (Doc. No. 28), and Respondents then filed a response (Doc. No. 30; Response) to the Petition. Collins later filed a reply (Doc. No. 32; Reply) to the Response. Thus, the Petition is ripe for the Court's consideration.

### **II. Procedural History**

The State of Florida charged Collins by second amended information, with robbery (count one) and felony fleeing/attempting to elude a police officer (count two). After a jury found Collins

guilty as charged, the trial court adjudicated Collins guilty and sentenced him to a term of twenty years imprisonment as to count one (as a habitual violent felony offender), and five years imprisonment as to count two, with the sentences to run concurrently. Collins filed a direct appeal in the First District Court of Appeal, which affirmed the convictions *per curiam* on June 25, 2003.  The mandate issued on July 11, 2003.  On August 19, 2003, the state appellate court issued an order striking Collins' July 8, 2003, *pro se* motion for rehearing.

On April 18, 2002, Collins filed *pro se* a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(a),[1] which the trial court denied on April 26, 2002. In the direct appeal mentioned above, Collins unsuccessfully argued in issue four that the trial court erred in denying this motion.

On December 11, 2003, Collins filed his first motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court denied on July 14, 2004. Although Collins filed a notice of appeal, he later filed a notice of voluntary dismissal on August 9, 2004.  Because the appellate

---

[1]References to the filing date of pleadings by Collins *pro se* shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

record had not been transmitted, the notice was operative and no appeal was taken.

Collins filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) on June 22, 2004. Not having received a ruling on that motion, on June 22, 2011, Collins filed a Motion to Hear and Rule, requesting that the trial court rule on his June 22, 2004, Rule 3.800(b) motion. The trial court denied the Motion to Hear and Rule on July 13, 2011, stating that there was "no motion dated on or about June 22, 2004, in the court file and no record of one having been filed." *See* App. Z.

While awaiting a ruling on the Rule 3.800(b) motion, on January 6, 2005, Collins filed a second Rule 3.850 motion. The trial court denied that motion on January 20, 2005, as a successive motion. The state appellate court affirmed the denial *per curiam* on June 6, 2005, and the mandate issued on July 5, 2005. Collins next filed a petition for writ of habeas corpus with the state appellate court, which that court denied on August 3, 2005.

On July 28, 2011, Collins filed another motion to correct sentencing error pursuant to Rule 3.800(a). The trial court denied that motion on September 19, 2011. The state appellate court affirmed the denial *per curiam* on January 11, 2012, and the mandate issued on February 7, 2012.

Collins has twice before petitioned the Court for habeas relief; however, both cases were dismissed without prejudice. He filed the instant petition on May 6, 2010.

### III. One-Year Limitations Period

Collins' conviction became final on September 23, 2003. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that entry of judgment, and not the issuance of the mandate, starts the clock running for the time to petition the United States Supreme Court for certiorari review); Supreme Court Rule 13.3.3.[2] Therefore, Collins had one year from the date his case became final to file the federal petition (September 23, 2004). In the present case, his petition is untimely unless he can avail himself of one of the statutory provisions which extends or tolls the time period.

The one-year period of limitations ran for 78 days from September 24, 2003, until December 11, 2003, when Collins filed his Rule 3.850 motion. The one-year period of limitations remained tolled until August 27, 2004, when Collins filed a notice of voluntary dismissal. The one-year period of limitations then ran for 131 days from August 28, 2004, until January 6, 2005, when

---

[2]Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]" Thus, Collins had ninety days in which to file a petition for a writ of certiorari in the United States Supreme Court after the appellate court entered judgment.

4

Collins filed his second Rule 3.850 motion. Those proceedings concluded on July 5, 2005, when the state appellate court issued mandate with regard to the appeal of the denial of his second Rule 3.850 motion; however, on that same day, Collins filed a petition for writ of habeas corpus with the state appellate court. The state appellate court denied the petition on August 3, 2005. Thus, if Collins' June 22, 2004 Motion to Correct Sentencing Error did not toll the one-year period of limitation, the period expired 158 days later on January 9, 2006.[3]

The parties disagree about whether Collins' June 22, 2004 Motion to Correct Sentencing Error, which was titled as being filed pursuant to Rule 3.800(b), tolled the one-year period of limitation. A Rule 3.800(b) motion is untimely if it is served after service of the defendant's initial brief on direct appeal. *Paige v. State*, 921 So. 2d 9, 10 (Fla. 1st DCA 2005). As such, it would not be a tolling event. However, Collins contends that the Rule 3.800 motion should be construed as a Rule 3.800(a) motion, which can be filed at any time. In that event, the motion would be a tolling event.

---

[3] The one-year period actually expired 156 days later, which was on Saturday, January 7, 2006. Thus, the period continued to run until the next day that was not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1). The Court also notes that Collins' prior federal habeas petitions did not toll the one-year period. *Duncan v. Walker*, 533 U. S. 167, 181-82 (2001) (holding that § 2244(d)(2) does not toll the limitations period during the pendency of a prior federal habeas corpus petition)

5

The Court notes that the trial court never ruled on the June 22, 2004 Motion to Correct Sentencing Error because it found that 1) the motion was not in the court file, and 2) there was no record of it ever being filed. However, a copy of the Motion to Correct Sentencing Error is in the appendix, *see* App. R., and it contains a stamp from the Century Correctional Institution indicating that the pleading was provided to the institution for mailing on June 22, 2004. It also contains a stamp from the state trial court reflecting a filing date of June 25, 2004. Moreover, it contains a certificate of service indicating that Collins mailed it to the trial court on June 22, 2004. In addition, Collins asserted in his Motion to Hear and Rule that the June 22, 2004 motion "was inadvertently filed incorrectly as to a typographical error alleging Rule 3.800(b) instead of Rule 3.800(a)."

Upon review of the record, the Court determines that the June 22, 2004 motion actually sought relief under Rule 3.800(a), and that the period during which it was pending in the state court tolled the one-year period of limitation. Consequently, the instant petition is timely.

### IV. Standard of Review

The Court will analyze Collins' claims under 28 U.S.C. § 2254(d). This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time

of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2003).

As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable. Questions of law and mixed questions of law and fact are reviewed *de novo*, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

*Jennings v. McDonough*, 490 F.3d 1230, 1236 (11th Cir. 2007) (quotation marks and citations omitted). In sum, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409, 120 S.Ct. at 1521. Finally, 28 U.S.C. § 2254(e)(1) commands that for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of correctness [of a state court's factual

7

>       findings] by clear and convincing evidence."[4]
>       28 U.S.C. § 2254(e)(1).

*Ward v. Hall*, 592 F.3d 1144, 1155-56 (11th Cir. 2010).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under the AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011) (holding that section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Thus, to the extent that Collins' claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## V. Findings of Fact and Conclusions of Law

### A. Claim One

As Claim One, Collins asserts that, at trial, the state court improperly allowed Deputy Thomas Reeves to read hearsay statements from Katherine Holton, the victim. Collins raised this claim unsuccessfully on direct appeal. Upon review of the record, the Court finds that the state court's rejection of this claim was not

---

[4]"This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." *Bui v. Haley*, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing *Sumner v. Mata*, 449 U.S. 539, 547 (1981)).

contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. As such, Collins is not entitled to habeas relief as to this claim.

Even if there were no state court adjudication entitled to deference, Collins' Claim One is due to be denied. In Claim One, Collins challenges a trial court evidentiary ruling; thus he present an issue of state law that is not cognizable on federal habeas review. The purpose of a federal habeas proceeding is review of the lawfulness of a petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. *See Coleman v. Thompson*, 501 U.S. 722 (1991). "Federal habeas relief is unavailable 'for errors of state law.'" *Jamerson v. Secretary for Dept. of Corrections*, 410 F.3d 682, 688 (11th Cir. 2005) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Moreover, on federal habeas corpus review, the Court is bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. *McCoy v. Newsome*, 953 F.2d 1252, 1264 (11th Cir. 1992). Thus, Collins is not entitled to relief on the state law issue raised in Claim One.

Assuming that Claim One presents an issue of federal constitutional dimension, it is, nevertheless, without merit. The

record reflects that the disputed statement was a comment written by Ms. Holton on the back of a photograph that she had identified in a photo spread. Deputy Thomas Reeves testified at trial that he displayed a photo spread to Ms. Holton and that she selected Petitioner's picture. Over objection, the trial court allowed Deputy Reeves to read to the jury what Ms. Holton had written on the back of the photograph. In the statement, Ms. Holton indicated that she had been unable to identify Collins at the scene because he was not wearing a hat and glasses. Ms. Holton made the same statement during her trial testimony: she had been unable to identify Petitioner at the scene because he was not wearing a hat and glasses.

On habeas review under the AEDPA, the prejudice of a constitutional error in a state-court criminal trial is measured by the "substantial and injurious effect" standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993). An error is sufficiently prejudicial only when it has a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623. The challenged statement that Ms. Holton made on the back of the photograph simply repeated her trial testimony. Because it was cumulative of other evidence presented at trial, it was not crucial evidence and its admission, even if erroneous, was only harmless error. *See Brecht*, 507 U.S. at 637. Thus, Claim One must fail.

### B. Claim Two

As Claim Two, Collins contends that the trial court erred when it allowed the admission of a driver's license photograph, taken in January 2000, showing Collins wearing glasses. Collins asserts that the photograph was not relevant to show that he was wearing similar eyewear on May 15, 2000, when the crimes occurred. Collins raised this claim in his direct appeal.

Like Claim One, this claim involves a trial court evidentiary ruling error and presents an issue of state law that is not cognizable on federal habeas review. Thus, Collins is not entitled to relief on the state law issue raised in claim two.

Even assuming that this claim presents an issue of federal constitutional dimension, it is without merit. Several witnesses testified that Collins had been wearing glasses at the time of the crime, but, when he was apprehended as a suspect, he was not wearing glasses. The driver's license photograph was relevant to show what Collins would look like wearing glasses and to demonstrate that Collins had a restriction on his license requiring him to wear corrective lenses.

Collins has neither demonstrated that the state court's ruling with regard to this matter was erroneous nor that the ruling deprived him of a fundamentally fair trial. Moreover, Collins has failed to establish that the alleged error by the trial court with regard to this matter had a substantial and injurious effect or

influence in determining the jury's verdict. Finally, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. Thus, this claim must fail.

### C. Claim Three

As Claim Three, Collins argues that the trial court entered an illegal sentence. In particular, he contends that Florida Statute section 775.084(1)(b)under which he was sentenced as a habitual violent felony offender, violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Collins raised this claim in his first Rule 3.800(b) motion and in his direct appeal. The state courts rejected his contention.

In *Apprendi*, the United States Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. In the present case, the record reveals that Collins' sentence was enhanced based upon his prior felony convictions. However, *Apprendi* does not apply to Collins' case as *Apprendi* expressly excludes recidivism from its scope. Thus, Collins' claim is without merit as there is a recidivist exception such that a defendant's prior conviction is merely "a sentencing factor" that need not be submitted to the jury and proved beyond a

reasonable doubt. *Almendarez-Torres*, 523 U.S. 224, 226-27 (1998).[5] Therefore, Collins' Claim Three fails.[6]

### D. Claim Four

In Claim Four, Collins asserts that this Court erred by dismissing his prior habeas petitions. The proper mechanism for challenging a judgment or order from this Court is through an appeal to the Eleventh Circuit Court of Appeals. This claim, which does not deal with his underlying state conviction, can not be addressed through a federal habeas corpus petition, and thus due to be denied. *See Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986) ("The purpose of section 2254 is clear--to require state convictions to meet federal constitutional requirements applicable to the states.").

### VI. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Collins seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial

---

[5] Recognizing recidivism as a traditional basis for a sentencing court's increasing an offender's sentence, the *Apprendi* court declined to revisit *Almendarez-Torres*. *Apprendi*, 530 U.S. at 488-90.

[6] Further, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

13

of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Collins "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Collins has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. Moreover, Collins has not demonstrated that jurists of reason would find this Court's procedural rulings debatable. Last, Collins has failed to make a substantial showing of the denial of a constitutional right. Consequently, the Court will deny Collins a certificate of appealability.

14

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Collins appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of August, 2013.

MARCIA MORALES HOWARD
United States District Judge

OrlP-2
Copies to:
Thomas C. Collins
Counsel of Record